NORTHWEST TERMINAL ELEVATOR ASSOCIATION, a Minnesota corporation, Bunge Corporation, a New York corporation, Burdick Grain Company, a Delaware corporation, Cargill, Inc., a Delaware corporation, Continental Grain Company, a Delaware corporation, Farmers Union GTA, a Minnesota corporation, Fleischman Malting Co., Inc., a Delaware corporation, General Mills, Inc., a Delaware corporation, International Multifoods, a Delaware corporation, Peavey Company, a Minnesota corporation, The Pillsbury Company, a Delaware corporation, and Tabor Grain Company, a Nevada corporation, d/b/a ADM Grain Company, Appellees,

v.

MINNESOTA PUBLIC UTILITIES COMMISSION, and its Commissioners, Roger L. Hanson, Leo G. Adams, Terry Hoffman, Juanita R. Satterlee, Lillian W. Lazenberry, Minnesota Department of Transportation, and Richard P. Braun, its Commissioner, and Minnesota Permit Truckers Association, a Minnesota corporation, Appellants.

No. 83–1593.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1983.

Decided Jan. 11, 1984.

Hubert H. Humphrey, III, Atty. Gen., State of Minnesota, Gilbert S. Buffington, Sp. Asst. Atty. Gen., St. Paul, Minn., for State appellants.

Thompson & Klaverkamp, P.A., by Bruce F. Thompson by Patrick J. McLaughlin, Minneapolis, Minn., for appellees.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and HANSON,[*] Senior District Judge.

PER CURIAM.

The Minnesota Public Utilities Commission and its members appeal from a judgment of the district court[1] that shipments of grain wholly within the State of Minnesota by commercial truckers from country grain elevators to terminal elevators on the Minnesota and Mississippi Rivers and Lake Superior constitute interstate commerce and as such are not subject to regulations of the state commission which require terminal elevator operators to pay truckers a "grain detention charge" for the time truckers wait at the elevator for their trucks to be unloaded. The sole issue on appeal is whether the stipulated record es-

---

[*] The Honorable WILLIAM C. HANSON, United States Senior District Judge for the Northern and Southern Districts of Iowa.

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota. *See Northwest Terminal Elevator Association v. Minnesota Public Utilities Commission,* 576 F.Supp. 22 (D.Minn.1983).

tablishes that the grain shipments in question constitute interstate commerce. The Minnesota commission concedes that it may not regulate trucking rates if the carriage has been in interstate commerce.

According to the stipulation of facts, more than 98% of the grain received at the river and lake terminals to which the "detention charge" applies is shipped from those terminals to points outside Minnesota. Citing this fact, and applying the relevant case law, the district court in a thorough opinion concluded that the truck shipments of grain from the country elevators to the terminals "constitute the first leg of a large and constantly recurring course of interstate commerce," at 25, and as such fall beyond the scope of the state's regulatory power. The court rejected the contention of the Minnesota commission that the truck shipments were intrastate commerce because the initial shipper—the country elevator—intended no destination other than the terminal elevator located in Minnesota.

On the stipulated record, no error of law or fact appears on the part of the district court. Accordingly, we affirm the judgment of the district court and adopt the rationale of its opinion.